## Dorothy Brockhaus by Margaret A. Brockhaus, Defendant in Error, v. Agnes B. Garner, Plaintiff in Error.

### Gen. No. 18,903.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914.

### Statement of the Case.

Action of the fourth class brought in the Municipal Court of Chicago by Dorothy Brockhaus, an infant, by Margaret A. Brockhaus, her next friend, against Agnes B. Garner to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant. A statement of claim and demand for a jury trial were filed on behalf of the plaintiff, and on August 23, 1912, the defendant entered her general appearance and moved the court to require the plaintiff to file a more speci' ' statement of claim. This motion was allowed an ꓹlaintiff was ruled to file a more specific statement ꓹ claim within five days, and defendant was allowed ꓹn days within which to file her affidavit of merits ꓹn August 26, 1912, a more specific and sufficient . nent of claim was filed on behalf of the plaintiff, 'efendant failed to file her affidavit of merits, and · ꓹtember 4, 1912, judgment was entered against h ꓹefault for her failure to

file and for want of such affidavit of merits.  On September 10, 1912, the defendant having failed to take any further steps in the case, a jury was impaneled to assess the damages of the plaintiff, and proceedings appear to have been then had resulting in a verdict and judgment against the defendant for three hundred dollars damages.   Thereafter the defendant moved the court to vacate and set aside such judgment, which motion was overruled, and defendant then prosecuted this writ of error.

Charles Turner Brown, for plaintiff in error.

Beach & Beach, for defendant in error.

Mr. Presiding Justice Baume delivered the opinion of the court.

### Abstract of the Decision.

1.  Municipal Court of Chicago, § 13*—*sufficiency of affidavit to plaintiff's statement of claim.*  Where a statement of claim of a minor plaintiff purported to be made by an agent and it was urged by the defendant that since an infant is without capacity to appoint an agent the court had no jurisdiction of the subject-matter of the cause of action or of the person of the plaintiff, and that no summons could properly issue against the defendant, *held* that the court had jurisdiction of defendant by her entering a general appearance, and that the informality, if any, in the affidavit did not operate to deprive the court of jurisdiction of the subject-matter.

2.  Municipal Court of Chicago, § 13*—*when objection to sufficiency of affidavit to statement of claim cannot be raised.*  Insufficiency of an affidavit to plaintiff's statement of claim cannot be first raised after verdict and judgment to defeat a recovery upon a cause of action of which the .court has jurisdiction of the subject-matter.

3.  Municipal Court of Chicago, § 19*—*when entry of judgment by default irregular.*  In a fourth class action in the Municipal Court to recover personal injuries, where the defendant entered her general appearance but failed to file an affidavit of merits within the time allowed by the court, the entry of a judgment by default *held* irregular; the judgment should be *nil dicit,* or for want of plea.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. MUNICIPAL COURT OF CHICAGO, § 30*—*when irregularity in entering default judgment not ground for reversal.* Irregularity in entering a judgment by default instead of a judgment *nil dicit*, or for want of plea, *held* not to require reversal of the judgment upon the merits.